Cavalier *v.* Doughty.    Maffet *v.* Den et al.

## CHARLES CAVALIER *against* DANIEL DOUGHTY.

### ON CERTIORARI.

The justice cannot proceed to try a cause in the absence of the plaintiff. If he does, and renders judgment against him it will be set aside.

*Ewing* moved to reverse this judgment, because the justice rendered judgment against the plaintiff in his absence. This reason was verified by the transcript, the words of which were as follows: " The defendant appeared, and the plaintiff not appearing, the defendant proceeded to trial, and, after hearing the allegations of defendant and the examination of the accounts, I give judgment, in the absence of the plaintiff, for the defendant for the sum of ————." *Ewing* said, that if the plaintiff did not appear, the only thing the justice could do was to dismiss the suit. The statute only authorized the justice to proceed and hear the cause in the absence of the defendant, and not in the absence of the plaintiff. *Rev. Laws, Small Cause Act,* 1818, *sec.* 7, 13.

FORD. Is the act repealed which prevented the justice from granting a non-suit ?

*Ewing.* No, sir ; but this case does not come within the words of that act, which are, " when the trial is once commenced there shall be no non-suit." *Rev. Laws.*

*Per Curiam.* Take a reversal.

---

## THOMAS MAFFETT at the suit of DEN *ex dem.* JOHN TONKINS and WILLIAM C. TONKINS.

### IN EJECTMENT.

1. Where there has been a rule for a struck jury, and, upon the striking before the judge, the sheriff's book is objected to as incomplete, and the